## John C. Stephenson v. W. C. Lee et al.

The defendant had attached a slave of the plaintiff, which the latter bonded. Afterwards, the plaintiff caused the slave to be sold on a mortgage in his own favor, which had not been recorded at the date of the attachment, and purchased the slave. The defendant obtained judgment, and caused the slave to be seized on execution. The plaintiff enjoined—
*Held*: That the slave was liable to defendant's execution, and the injunction was dismissed, with damages.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Durant* and *Horner,* for plaintiff. *Edwards* and *Rand* for defendants. The judgment of the court was pronounced by

PRESTON, J. *William C. Lee* commenced suit against *James S. Stephenson,* and attached a slave named *Henry.* The plaintiff intervened and bonded the slave, and afterwards caused him to be sold, under a mortgage in his own favor, and became the purchaser.

*Lee* obtained judgment, and, notwithstanding the purchase by *Stephenson,* seized the slave under execution. The latter has enjoined the sale, on the ground, that he is the owner of the slave, by the adjudication under his mortgage. But he intervened in the attachment suit and obtained possession of the slave, on giving bond, the condition of which was, that he should satisfy any judgment that should be rendered against him in the suit. Now, judgment was rendered in that suit, to which he, by intervention, had rendered himself a party, that the plaintiff should have a privilege upon the slave attached. This is, substantially, a judgment that the intervenor satisfy the judgment, or deliver up the slave he bonded, to be sold under execution to satisfy the privilege decreed in favor of the plaintiff. It is inequitable to compel the plaintiff to resort to the bond of the intervenor, since the slave is still in his possession.

There is another consideration, which is conclusive against the plaintiff in injunction. After bonding the slave, he caused him to be sold and adjudicated to himself, by virtue of a mortgage in his favor. But it is stated, and not denied, that his mortgage was not registered in the mortgage office until after the slave was attached for the debt of the present defendant in injunction. The attachment, therefore, takes precedence of the unregistered mortgage. Act 24th March, 1810, § 4. C. C. art. 3314, and the property must be sold to carry the preference into effect.

Even if the registry of the sale of the slave attached, after he was bonded, might defeat the attachment, still, in this case, that sale was not completed and

registered in the conveyance office. Therefore, it had no effect against third persons, and the property was still subject to seizure under the execution. Act of 20th March, 1827, § 5.

The judgment of the district court, dissolving the injunction and giving damges, is affirmed, with costs.